**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000888
27-MAR-2018
08:03 AM**

NO. CAAP-16-0000888

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


US BANK NA AS LEGAL TITLE TRUSTEE FOR TRUMAN
2013 SC3 TITLE TRUST, Plaintiff-Appellee
v.
SYLVIA LINDIG, Defendant-Appellant
and
ROBERT BOMAR JEFFCOAT; WELLS FARGO BANK, N.A.;
GREG SHUGARS DBA NORTH SHORE BUILDERS,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-0218)


SUMMARY DISPOSITION ORDER
(By: Reifurth, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Sylvia Lindig (**Lindig**) appeals from the "Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure" (**Order Granting Foreclosure**) and Judgment both entered on November 29, 2016, in favor of Plaintiff-Appellee U.S. Bank NA as Legal Title Trustee for Truman 2013 SC3 Title Trust (**U.S. Bank**), in the Circuit Court of the Second Circuit (**circuit court**).[1]

---

[1] The Honorable Peter T. Cahill presided.

On appeal, Lindig contends that the circuit court erred (1) in granting summary judgment in favor of U.S. Bank because U.S. Bank failed to prove its entitlement to enforce the note and (2) by failing to consider the evidence supporting Lindig's defense of unclean hands.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Lindig's points of error as follows, and we vacate and remand.

In Bank of America, N.A. v. Reyes-Toledo, the Hawai'i Supreme Court held in a judicial foreclosure action that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. 139 Hawai'i 361, 367-70, 390 P.3d 1248, 1254-57 (2017). The holding in Reyes-Toledo is dispositive in this case.

The supreme court stated that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. (citations omitted). The supreme court then expressed that "[a] foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id. (brackets omitted) (quoting Mottl v. Miyahira, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). The supreme court further stated that "[a]s standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Id. at 368, 390 P.3d at 1255 (citation omitted). In concluding that the foreclosing bank failed to satisfy its burden as the movant for

2

summary judgment, the supreme court reasoned: "[a]lthough Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise a holder, at the time it brought the foreclosure action." Id. at 370, 390 P.3d at 1257.

In the instant case, Bank of America, N.A. (**BOA**)[2] filed the Complaint for Foreclosure on February 15, 2013. On March 22, 2013, BOA filed an Amended Complaint for Foreclosure (**Amended Complaint**). U.S. Bank was subsequently substituted for BOA. On January 14, 2015, U.S. Bank filed an "Affirmation of Attorney" executed by Andrew R. Tellio (**Tellio**),[3] counsel for U.S. Bank pursuant to Hawaii Revised Statutes (**HRS**) § 667-17 (Supp. 2013).[4] Further, like the foreclosing bank in Reyes-Toledo, U.S. Bank was granted a decree of foreclosure via a summary judgment ruling. In support of its summary judgment motion, U.S. Bank attached, inter alia, the following to establish its standing to foreclose: a "Verified Declaration of Indebtedness" by Gloria A. Rocha (**Rocha**) to which the Adjustable Rate Note (**Note**) is attached as Exhibit A. Rocha's declaration attests, in relevant part, that "[U.S. Bank] is in possession of the Note. As evidenced by the recorded Mortgage and applicable assignments, [U.S. Bank] is also the record assignee of the Mortgage. As such, [U.S. Bank] is the proper plaintiff in this matter." The Note is endorsed by Guild

---

[2] On September 16, 2014, BOA filed a motion to substitute U.S. Bank as plaintiff. On October 9, 2014, the circuit court granted BOA's motion and U.S. Bank was substituted for BOA as plaintiff.

[3] Tellio's attorney affirmation states that "I affirm that to the best of my knowledge, information, and belief, the Summons, Complaint, and other papers filed with the Court in this matter contain no false statements of fact or law and that Plaintiff has legal standing to bring this foreclosure action." The Note was not attached to the Complaint.

[4] HRS § 667-17 was adopted in 2012 (effective June 28, 2012) and amended in 2014 (effective April 23, 2014). 2012 Haw. Sess. Laws Act 182, §§ 3, 69 at 645-46, 689; 2014 Haw. Sess. Laws Act 37, §§ 1, 4 at 87-88. The 2014 amendment to HRS § 667-17 further required that the "affirmation shall be filed with the court at the time that the action is commenced[.]" 2014 Haw. Sess. Laws Act 37, § 1 at 87. Thus, because BOA filed its Complaint after June 28, 2012, but before April 23, 2014, BOA was not required to file its attorney affirmation with the Amended Complaint.

Mortgage Company in blank payable to bearer. Like in <u>Reyes-Toledo</u>, the evidence fails to demonstrate that BOA was entitled to enforce the Note at the time this action was commenced. 139 Hawai'i at 370-71, 390 P.3d at 1257-58. In its answering brief, U.S. Bank recognizes that the record has "no evidence whether [BOA] had possession of the original Note at the time the Complaint was filed."

Viewing the facts and inferences in the light most favorable to Lindig, there is a genuine issue of material fact as to whether BOA was entitled to enforce the Note at the time this foreclosure action was commenced. Therefore, under <u>Reyes-Toledo</u>, the circuit court erred in granting the motion for summary judgment.

Given the above, we need not address Lindig's remaining point of error on appeal.

Therefore, IT IS HEREBY ORDERED that the "Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure" and the Judgment, both entered on November 29, 2016, in the Circuit Court of the Second Circuit, are vacated. This case is remanded to the circuit court for further proceedings.

DATED: Honolulu, Hawai'i, March 27, 2018.


On the briefs:

Richard T. Forrester,
for Plaintiff-Appellee.

David B. Rosen,
David E. McAllister,
Justin S. Moyer,
Christina C. Macleod,

for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge